# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAR -4 P 2: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE R3C

05 10411 WGY

| | |
|---|---|
| ROBERT BREARLEY,<br>ROBERT L. SMITH, III,<br>and ACCESS WITH SUCCESS, INC.<br><br>Plaintiffs<br><br><br>v.<br><br>CITY OF METHUEN,<br>MASSACHUSETTS<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.: 05-CV-

RECEIPT # 62511
AMOUNT $250
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. From
DATE 3/4/05

## COMPLAINT AND JURY DEMAND

This is an action seeking injunctive, declaratory and equitable relief pursuant to Title II of

the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.,* Section *504* of the

Rehabilitation Act, *29 U.S.C.* § 794, Article 114 of the Massachusetts constitution, and

Massachusetts General Laws *c. 93 § 103.* The plaintiffs, ACCESS WITH SUCCESS, INC.,

ROBERT BREARLEY and ROBERT L. SMITH, III, through their undersigned counsel, bring

this cause of action against the CITY OF METHUEN, a municipal corporation, and as causes of

action allege as follows:

### PARTIES

1. The plaintiff Access with Success, Inc., (AWS) is a non-profit corporation organized and

existing under the laws of the Commonwealth of Massachusetts. Its members are able-

bodied individuals and qualified individuals with disabilities as defined by the ADA. Its

members include Mr. Scott M. Frotton, age 41.  He is a founding member of AWS. Mr.

III, also are members of AWS. Mr. Brearley is paraplegic due to a porch collapse accident in 1980. He always uses a wheelchair. Mr. Smith always uses a wheelchair due to the combined effects of a pelvic fracture sustained in an accident in 2000 and muscular dystrophy. All of the above-named members of AWS are qualified individuals with disabilities within the meaning of the ADA and all other applicable federal and state statutes.

2.    AWS is a civil rights group organized by individuals with disabilities to advocate for the integration into society of disabled persons and equal access to all services, activities, programs, resources and facilities available to non-disabled persons. Its members are predominantly, but not exclusively, individuals with various physical disabilities impairing mobility, vision and hearing. One of the primary purposes of AWS is to assure that municipal programs and services and private places of public accommodation are accessible to, and usable by persons with disabilities. Title II of the ADA permits private individuals to bring lawsuits in which they can obtain court orders to stop discrimination by municipalities on the basis of disability.

3.    AWS and its members have suffered direct and indirect injury as a result of the defendant's actions or inactions as described herein. AWS also has been discriminated against because of its association with its members and their claims. The defendant's failure to comply with the ADA adversely affects the organizational purpose of AWS.

4.    The plaintiff, Robert Brearley, resides at   20 Calumet Avenue, Building 1, Apartment E, Methuen, Massachusetts 01844. Mr. Brearley relies completely upon a wheelchair for ambulation. He is a qualified individual with disabilities under the ADA and all other applicable federal and state statutes.

3

5.   The plaintiff, Robert L. Smith, III, resides at 200 Oakland Avenue, Methuen, Massachusetts 01844. Mr. Smith relies completely upon a wheelchair for ambulation. He is a qualified individual with disabilities under the ADA and all other applicable federal and state statutes.

6.   The defendant, City of Methuen is a municipal corporation incorporated as a town in the Commonwealth of Massachusetts in 1725 and as a city in 1973. Upon information and belief, Methuen owns, operates, leases and/or maintains the programs and services offered by Methuen as well as the facilities, real properties and improvements which are the subject of this action.

7.   The facilities owned, operated, leased and/or maintained by Methuen include, but are not limited to, the city streets, sidewalks, curb cuts, curb ramps, libraries, City Hall (Searles Building) and public safety headquarters. Upon information and belief, Methuen has at least fifty employees.

8.   Prior to instituting the instant action, Mr. Brearley and Mr. Smith personally availed themselves of Methuen's programs and services and visited the defendant's facilities, including, but not limited to the city streets, sidewalks, curb cuts, and curb ramps and were unable to access the same in a manner equal, comparable, or similar to a non-disabled person to due to the defendant's lack of compliance with the ADA.

9.   The plaintiffs, Robert Brearley and Robert Smith, were denied full and equal access to the subject programs, services, facilities and properties of the defendant. Mr. Brearley and Mr. Smith desire to and intend to avail themselves of the programs and services of Methuen and intend to use or participate in the defendant's programs, facilities and properties in the future.

## JURISDICTION AND VENUE

10.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and §1343 in that this is

an action arising under the laws of the United States and the defendant is subject to

personal jurisdiction. The Court has supplemental jurisdiction over the state law

claims pursuant to 28 U.S.C. §1367.

11.    Venue is proper in this Court under 28 U.S.C. §1391; the claim having arisen in the

District of Massachusetts.


## COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

12.    The plaintiffs repeat the preceding allegations as if fully set forth here.

13.    All events giving rise to this lawsuit occurred in the state of Massachusetts.

14.    On or about July 26, 1990, Congress enacted the ADA, which is codified at 42 U.S.C.

§12101 *et seq.*

15.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department

of Justice, Office of the Attorney General, promulgated federal regulations to

implement the requirements of the ADA. Those regulations are codified at 28 C.F.R,

Part 35 and 36.  28 CFR Part 35 implements subtitle A of Title II of the ADA, which

applies to state and local governments.

16.    In Title II of the ADA, Congress provided that no qualified individual with a

disability shall, by reason of such disability, be excluded from participation in or be

denied the benefits of a public entity, or be subjected to discrimination by any such

entity.

17. Section 35.101 requires a public entity to make its programs accessible in all cases, except where to do so would result in a fundamental alteration in the nature of the program or in undue financial and administrative burdens.

18. It is the burden of the public entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion. *28 C.F.R. §35.150(a) (3)*.

19. The City of Methuen has not and cannot meet this burden of justifying its discriminatory practices and acts.

20. Title II of the ADA requires that a public entity, such as the defendant, take appropriate steps to ensure that communications with applicants, participants and members of the public with disabilities are as effective as communications with others. *28 CF R. §35.160(a)*.

21. The defendant has not met the requirements of Section 35.160 (a).

22. Title II of the ADA requires a public entity, such as the defendant, to furnish auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in and enjoy the benefits of a service, program, or activity conducted by a public entity. *28 C.FR. § 35. 106(b) (1)*.

23. The defendant has not met the requirements of Section 35.106 (b)(1).

24. Title II of the ADA and *28 C.F.R. § 35.105* requires municipalities to complete a self evaluation process by January 26, 1993 of its services, policies, practices and effects

6

thereof that do not comply with the ADA. Section 35.105 requires a public entity to evaluate its current policies and practices to identify and correct any which are inconsistent with the requirements of Title II and its implementing regulations.

25. The defendant, Methuen, has not completed an adequate self-evaluation.

26. Title II of the ADA and 28 C.F.R. § 35.105 required the defendant to develop a transition plan by July 26, 1992 where structural changes in its existing facilities needed to be undertaken to achieve program accessibility for all persons with disabilities, including the plaintiffs.

27. The defendant failed to develop an adequate transition plan and failed to implement any transition plan.

28. Mr. Brearley, through his attorney, requested to review or receive a copy of the City's self-evaluation and transition plan, but the City never provided him with the requested items as required by law. (Exhibit A).

29. Section 35.151 provides that those buildings that are constructed or altered by, on behalf of, or for the use of a public entity shall be designed, constructed, or altered to be readily accessible to and usable by individuals with disabilities if the construction was commenced after January 26, 1992.

30. Methuen has not met the requirements of Section 35.151.

31. Section 35.163(a) requires a municipality to provide information to individuals with disabilities concerning accessible services, activities, and facilities. Paragraph (b) requires the public entity to provide signage at all inaccessible entrances to each of its facilities that directs users to an accessible entrance or to a location with information about accessible facilities.

7

32.  Methuen has not met the requirements of Section 35.163(a). The City's official web site is devoid of information useful to a disabled person.

33.  Section 35.160(a) requires a public entity to take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others.

34.  Methuen has not met the requirements of Section 35.160(a). The City's official web site is devoid of information useful to a disabled person.

35.  Section 35.160 (b)(1) requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity.

36.  Methuen has not met the requirements of Section 35.160 (b)(1).

37.  The defendant was required to have completed structural changes in its facilities no later than January 26, 1995. The defendant has failed to complete the required structural changes to achieve equal access to its programs, service, activities, facilities and properties.

38.  As a governmental and public entity charged with ensuring compliance with federal and state laws, Methuen has known for several years of its duties and obligations under Title II of the ADA. Despite this knowledge, Methuen has failed to comply adequately with the ADA's self-evaluation and transition plan requirements.

39.  Methuen has known for several years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes to its facilities.

Methuen failed to complete the necessary and required structural changes to its facilities by January 26, 1995, as mandated by federal law.

40.  The defendant's failure to meet all of its obligations under Title II of the ADA including, *inter alia,* to complete a self-evaluation, to develop a transition plan for modification of existing facilities and to fully implement all structural modifications has denied, and continues to deny, the plaintiffs access to Methuen's programs, services and activities that are otherwise available to persons without disabilities.

41.  As a governmental and public entity, Methuen has subjected the plaintiffs to discrimination solely on the basis of their disabilities. Methuen directly participated in or acquiesced in the discriminatory conduct described herein.

42.  The plaintiffs were subjected to discrimination when they attempted to access the programs services, facilities and properties owned and/or operated by the City of Methuen. The plaintiffs continue to desire to utilize Methuen's programs and services as well as to return to the facilities and properties owned and/or operated by Methuen. They intend to do so and therefore will continue to suffer discrimination by the defendant in the future.

43.  The plaintiffs have been unable to and continue to be unable to enjoy full and equal access to the benefits of the programs, services and facilities owned and/or operated by Methuen.

44.  In addition to not providing equal access to the programs and services offered by Methuen, the defendant, Methuen, is in violation of 42 *USC. §12181* and *28 C.F.R. § 36.302 et seq.* and is discriminating against the plaintiffs insofar as many Methuen

9

streets lack proper curb cuts and/or curb ramps and many Methuen sidewalks contain obstacles which block or impede the accessible path of travel.

45.    Without the required curb ramps, sidewalk travel in Methuen is dangerous, difficult, and in some cases impossible for people such as the plaintiffs who use wheelchairs, electric scooters, and other mobility aids. Curb ramps allow people with mobility impairments to gain access to the sidewalks. Otherwise, individuals such as the plaintiffs are forced to travel in streets and roadways and are put in danger or are prevented from reaching their destination.

46.    The plaintiffs frequently have to place themselves in jeopardy of being hit by a car because they cannot use many sidewalks in Methuen.

47.    When streets and roads are newly built or altered, the ADA required installation of ramps wherever there are curbs or other barriers to entry from a pedestrian walkway. Likewise, when new sidewalks or walkways are built or altered, they must contain curb ramps or sloped areas wherever they intersect with streets or roads.

48.    Resurfacing a street or sidewalk is also considered an alteration.

49.    Over the past ten years, Methuen has altered many of its streets and sidewalks without installing curb cuts or curb ramps.

50.    The sidewalks in Mr. Brearley's immediate neighborhood along Merrimack Street in Methuen lack appropriate, accessible curb cuts and sidewalks that can be used while in a motorized wheelchair.

51.    On East Street from the bottom of the hill at Jackson Street all the way around to Broadway and at numerous street corners along Pleasant Street there are no accessible curb cuts and many sidewalks that can not be used by a person in a wheelchair.

10

52. The Searles Building (which houses the City's offices) has some disabled-accessible features, but many of the City offices within the Searles Building are inaccessible to a person in a wheelchair.

53. The curb cuts are too steep and/or have broken pavement on Lisner Street, on Ridge Street, on Meadowbrook Road, on Lynnwood Avenue and on Gloucester Street.

54. The curb cut at the intersection of Larchwood Street and East Street is too steep to get up and down in a wheelchair.

55. At the crosswalk of East Street and Pleasant View Street the curb cut is too steep to get up and down in a wheelchair.

56. At the corner of Davis Street and East Street, the curb cuts are too steep to get up and down in a wheelchair.

57. At the corner of Pinewood Street and East Street, there is no curb cut.

58. At McKinley Way and Jackson Street, the curb cut is too steep to get up and down in a wheelchair.

59. At Dearborn Street and Jackson Street, the curb cut is too steep to get up and down in a wheelchair.

60. At Brook Street and Jackson Street, there is no curb cut.

61. At Wayside Street and Jackson Street, there is no curb cut.

62. At East Street and Jackson Street, the curb cut is too steep to get up and down in a wheelchair on all four sides of the intersection.

63. In front of the Nevins Memorial Library, the curb cut is too steep to get up and down in a wheelchair.

64. The sidewalks in Mr. Smith's immediate neighborhood on Oakland Avenue and on Lowell Street in Methuen lack appropriate, accessible curb cuts and sidewalks that can be used by a person in a motorized wheelchair.

65. Lowell Street was repaved within the past three years, but the sidewalks were not made accessible to people who use wheelchairs.

66. Oakland Avenue has been repaved within the past year, but the sidewalks were not made accessible to people who use wheelchairs.

67. The sidewalks on Oakland Avenue are in poor condition and cannot be used by a person in a wheelchair.

68. The sidewalks on Railroad Avenue and on Lowell Street are in poor condition and cannot be used by a person in a wheelchair.

69. Upon information and belief, the plaintiffs allege that there are other violations with respect to programs, services and facilities owned, administered and/or operated by Methuen that will be more fully alleged upon discovery and further inspection.

70. The City of Methuen did not make efforts required under the ADA to remove architectural barriers to the extent readily achievable, nor has the City of Methuen complied with accessibility standards to the maximum extent feasible.

71. The defendant has also, by maintaining such barriers, failed to comply with the ADA and access requirements for areas of new construction or alteration.

72. The actions and initiatives which the City of Methuen has failed to undertake in order to make the City's services and facilities accessible to persons with disabilities are actions and initiatives that would be readily achievable, required by law, and would greatly assist persons with disabilities at minimal expense to the City of Methuen.

73.    The City's conduct constitutes ongoing and continuous violations of the ADA and,

unless enjoined from doing so, the defendant will continue to violate the ADA. Said

conduct, unless enjoined, will continue to cause irreparable harm for which plaintiffs

have no adequate remedy at law.

**WHEREFORE,** the plaintiffs demand judgment against the City of Methuen and request

an injunction and declaratory relief pursuant to Title II of the ADA as follows:

a.    That the Court declare that the programs, services and facilities owned, operated and administered by Methuen, violate the ADA;

b.    That the Court enter an order directing Methuen to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

c.    That the Court enter an order directing Methuen to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Methuen to undertake and complete corrective procedures;

d.    That the Court award damages, reasonable attorneys' fees, costs (including expert fees) and other expenses of suit, to the plaintiffs; and

e.    That the Court will award such other and further relief as it deems necessary, just and proper.

## COUNT II- REHABILITATION ACT

74.    The plaintiffs repeat the allegations of the preceding paragraphs as if set forth

completely here.

75.    Section 504 of the Rehabilitation Act provides:

"No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *29 U.S.C. §794.*

76.    Section 504 creates a private right of action in favor of persons who have been

subjected to illegal discrimination on the basis of a physical handicap or disability.

77. On information and belief, the City of Methuen administers, sponsors and operates programs which receive federal financial assistance within the meaning of the Rehabilitation Act.

78. The plaintiffs, Brearley and Smith, are qualified handicapped individuals within the meaning of the Rehabilitation Act. The plaintiff AWS, includes members who are qualified handicapped individuals within the meaning of the Rehabilitation Act.

79. As stated in the foregoing paragraphs, the plaintiffs have been excluded from participation in or denied the benefits of the City's services, programs and activities and were otherwise discriminated against by the City of Methuen.

80. The plaintiffs' exclusion, denial of benefits was by reason of their disabilities and physical handicaps.

81. The plaintiffs will suffer substantial irreparable harm if the programs, services and activities held and operated by the City of Methuen are not made accessible as required under the Rehabilitation Act.

82. Furthermore, the public interest strongly favors mandating accessibility of the City's programs and services.

**WHEREFORE**, the plaintiffs demand judgment against Methuen and request the following relief:

a. That the Court declare that the programs, services and facilities owned, operated and administered by Methuen, violate the Section 504 of the Rehabilitation Act;

b. That the Court enter an order directing Methuen to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by the Rehabilitation Act;

c.   That the Court, in its discretion, award damages, reasonable attorneys' fees, costs (including expert fees) and other expenses of suit, to the plaintiffs as prevailing parties all as permitted under *29 USC §794a (b):* and

d.   That the Court will award such other and further relief as it deems necessary, just and proper.

## COUNT III - MASSACHUSETTS CONSTITUTIONAL AMENDMENT ARTICLE 114 AND MASSACHUSETTS EQUAL RIGHTS LAW, G.L. C. 93 §103

83.   The plaintiffs, Brearley and Smith, repeat the allegations of the preceding paragraphs as if set forth completely here. All events giving rise to this lawsuit occurred within the Commonwealth of Massachusetts.

84.   Article CXIV of the Amendments of the Constitution of the Commonwealth of Massachusetts states, "No otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity in the Commonwealth."

85.   Massachusetts General Laws c. 93, § 103 (b) permits a person whose rights under Article CXIV of the Amendments of the Constitution of the Commonwealth of Massachusetts have been violated to "commence a civil action for injunctive and other appropriate equitable relief, including, but not limited to, the award of compensatory and exemplary damages."

86.   The plaintiffs, Brearley and Smith, have been excluded from fully participating in the municipal services and facilities made available by the City of Methuen to the general public.

87.   The plaintiffs, Brearley and Smith, have been denied the benefits afforded to non-disabled citizens and they have been subject to ongoing discrimination by the

15

defendant solely by reason of their disability as prohibited by Article CXIV of the Massachusetts Constitution and G.L. c. 93 § 103.

88.    The plaintiffs, Brearley and Smith, have been repeatedly distressed and inconvenienced by the discriminatory actions of the City of Methuen, including its failure to remove access barriers to persons with mobility disabilities within Methuen and its failure to modify its policies and procedures to accommodate disabled citizens such as the plaintiffs.

89.    The plaintiffs' constitutional right to be free from discrimination in the Commonwealth of Massachusetts has been and continues to be violated by the defendant and they are therefore entitled to an award of compensatory and exemplary damages, reasonable attorneys' fees and costs of litigation in an amount to be determined by the Court.

90.    The plaintiffs have filed Charges of Discrimination in the Massachusetts Commission Against Discrimination as a procedural prerequisite to the filing of this Count III in Court as required by *Varad v. Barshak*, 93 Fed. Appx. 255 (1st Cir. 2004). They will request that their claims be dismissed for judicial determination by this Court.

    **WHEREFORE,** the plaintiffs, Brearley and Smith, pray the Court's judgment on Count III of their Complaint.

## JURY DEMAND

    The plaintiffs demand a trial by jury on Count III.

Respectfully submitted,

The Plaintiffs, Robert Brearley and Robert L. Smith, III, et al.,

16

By their Attorney,

Nicholas S. Guerrera, BBO# 551475
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, MA 01845
(978) 689-0800

Dated: March 2, 2005

05~10411 WGY

# **EXHIBIT A**

# SHA LEEN GUERRERA & O'LI RY, LLC

Peter G. Shaheen*
Nicholas S. Guerrera*
Sean P. O'Leary*
Carol A. O'Leary†
Michael E. Coghlan*

*Admitted in MA & NH
†Admitted in MA, NH, CT
& ME

Jefferson Office Park
820A Turnpike Street
North Andover, Massachusetts 01845
Telephone: (978) 689-0800 Toll Free: 866-665-5834
Facsimile: (978) 794-0890
E-mail: NGuerrera@SGOLawoffice.com

January 6, 2005

Maurice J. Lariviere, Jr., Esq.
City of Methuen
311 Searles Building
41 Pleasant Street
Methuen, MA 01844

*RE*:    My Client:    Robert Brearley

Dear Mr. Lariviere:

We are counsel for Mr. Robert Brearley, age 50, who resides on Calumet Road in Methuen. He is a lifelong Methuen resident. Mr. Brearley suffered spinal cord trauma in 1980, which resulted in complete paralysis of his legs. He always uses a wheelchair for ambulation.

Mr. Brearley lives fairly independently. He frequently travels on Methuen's streets and sidewalks on his motorized scooter. In his experience, many sidewalks within the City are inaccessible, lacking appropriate curb cuts and smooth surfaces that make wheelchair travel dangerous, difficult, and in some places impossible. He has encountered obstacles to access to other programs, services and facilities of the City, but he is mainly concerned about sidewalks and curb cuts.

Chapter I of Title 28 (Department of Justice Part 35, Nondiscrimination of the Basis of Disability in State and Local Government Services, Sub-part D, Program Accessibility) 28 CFR 35.150(d)(1) requires cities to have developed a transition plan within 6 months of January 26, 1992 and paragraph (2) of 28 CFR 35.150(d) states:

"If a public entity has responsibility or authority over streets, roads, or walkways, its transition plan shall include a schedule for providing curb ramps or other sloped areas where pedestrian walks cross curbs, giving priority to walkways serving entities covered by the Act, including State and local government offices and facilities, transportation, places of public accommodation, and employers, followed by walkways serving other areas."

Mr. Brearley and I wish to review Methuen's transition plan. 28 CFR 35.150(d)(1) also states, "A copy of the transition plan shall be made available for public inspection." Please consider this letter to be Mr. Brearley's request for a copy of the transition plan or, if the plan is too voluminous, his request to schedule a time within the next week or two to come to the Searles Building with me to inspect the transition plan.

Thank you for your courtesy in this matter.

Very truly yours,

Nicholas S. Guerrera



# City of Methuen, Massachusetts

### OFFICE OF THE CITY SOLICITOR

The Searles Building • 41 Pleasant Street
Methuen, Massachusetts 01844
Telephone (978) 794-3234 • FAX (978) 794-3238
E-mail: mjlariviere@ci.methuen.ma.us

**Sharon M. Pollard**
**Mayor**

**Maurice J. Lariviere, Jr.**
**City Solicitor**

January 19, 2005

*Via Facsimile*
*(978) 794-0890*

Nicholas S. Guerrera
Shaheen Guerrera & O'Leary, LLC
Jefferson Office Park
820A Turnpike Street
North Andover, Massachusetts 01845

### RE: *Robert Brearley*

Dear Attorney Guerrera:

    I am in receipt of your letter regarding Robert Brearley. Please be advised that the City Engineer has been on vacation and will return January 24th. He would be the most familiar with the transition plan

    I will contact you after I have had a chance to discuss the matter with him.

    If you have any questions please call my office.

        Sincerely,

        *Maurice J. Lariviere, Jr.* Fm
        Maurice J. Lariviere, Jr.
        City Solicitor

MJL,Jr.:fm

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) _____

**Brearley, Smith, et al. v. City of Methuen**

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

IN CLERKS OFFICE

2005 MAR -4 P 2: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| [ ] | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| [X] | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121 |
| | | 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases |
| [ ] | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, |
| | | 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, |
| | | 380, 385, 450, 891. |
| [ ] | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, |
| | | 690, 810, 861-865, 870, 871, 875, 900. |
| [ ] | V. | 150, 152, 153. |

05 10411 WGY

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    **None.**

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES [ ]   NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

    YES [ ]   NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES [ ]   NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES [X]   NO [ ]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES [ ]   NO [ ]

    A.   If yes, in which division do all of the non-governmental parties reside?

    Eastern Division [X]     Central Division [ ]     Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

    Eastern Division [X]     Central Division [ ]     Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME  Nicholas S. Guerrera, Shaheen Guerrera & O'Leary, LLC

ADDRESS 820A Turnpike St., North Andover, MA  01845

TELEPHONE NO. (978) 689-0800   Fax: (978) 794-0890

(Coversheetlocal.wpd - 10/17/02)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Robert Brearley & Robert L. Smith, et al.

**DEFENDANTS**

City of Methuen

FILED IN CLERKS OFFICE

(b) County of Residence of First Listed Plaintiff **Essex County, MA**
(EXCEPT IN U.S. PLAINTIFF CASES)

2005 MAR -4

County of Residence of First Listed **Essex County, MA**
(IN U.S. PLAINTIFF CASES ONLY)

U.S. DISTRICT COURT

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

DISTRICT OF MASS.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Nicholas S. Guerrera
820A Turnpike Street
North Andover, MA 01845
978-689-0800

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIW C/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | **PERSONAL INJURY** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | ☐ 362 Personal Injury – Med. Malpractice | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | ☐ 365 Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 790 Other Labor Litigation | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | **PERSONAL PROPERTY** | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | ☐ 370 Other Fraud | | | |
| | ☐ 371 Truth in Lending | | | |
| | ☐ 380 Other Personal Property Damage | | | |
| | ☐ 385 Property Damage Product Liability | | | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☑ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify)  
☐ 6 Multidistrict Litigation  
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Action for injunctive and other relief under ADA, 42 U.S.C. §12181, et seq. and the Rehabilitation Act, 29 U.S.C. §794. Pendent state civil rights claims against municipality.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE