UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 29  A 11: 54

U.S. DISTRICT COURT
DISTRICT OF MASS

ROBERT BREARLEY,  )
ROBERT L. SMITH, III,  )
And ACCESS WITH SUCCESS, INC.  )
    Plaintiffs  )
      )
v.  )
      )
CITY OF METHUEN,  )
MASSACHUSETTS  )
    Defendant  )

## ANSWER OF THE DEFENDANT

NOW COMES the Defendant, City of Methuen, Massachusetts (Methuen) in the above-captioned matter and assign as an Answer to the Plaintiffs' Complaint the following:

### PARTIES

1.    The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

2.    The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

3.    Denied.

4.    The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

5.    The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

6.    The Defendant admits the City of Methuen is a municipal corporation doing business in the Commonwealth of Massachusetts and operated certain programs but denies the remainder of the allegations contained in Paragraph 6.

7. The Defendant admits it owns certain facilities within its geographical and jurisdictional boundaries but denies the remainder of the allegations contained in Paragraph 7.

8. Denied.

9. Denied

## JURISDICTION AND VENUE

10. Admitted.

11. Admitted.

## COUNT I:  VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

12. Defendant repeats and re-avers its answers to the preceding Paragraphs as if each is expressly set forth herein.

13. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

14. Admitted.

15. To the extent that Paragraph 15 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

16. To the extent that Paragraph 16 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

17. To the extent that Paragraph 17 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

18. To the extent that Paragraph 18 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

19. Denied. The Defendant further answers that it has not and had not committed any discriminatory practices and/or acts.

20. To the extent that Paragraph 20 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

21. Denied.

22. To the extent that Paragraph 22 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

23. Denied.

24. To the extent that Paragraph 24 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

25. Denied.

26. To the extent that Paragraph 26 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

27. Denied.

28. Denied.

29. To the extent that Paragraph 29 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

30. Denied.

31. To the extent that Paragraph 31 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

32. Denied.

33. To the extent that Paragraph 33 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

34. Denied.

35. To the extent that Paragraph 35 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

36. Denied.

37. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

38. To the extent that Paragraph 38 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. To the extent that Paragraph 44 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

45. Denied.

46. Denied.

47. To the extent that Paragraph 47 of the Plaintiffs' Complaint states conclusions of law, no answer is required. The Defendant denies the remaining allegations in this Paragraph and calls upon the Plaintiffs to prove the same.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

**WHEREFORE,** the Defendant requests that this matter be dismissed and that the Defendant be awarded costs, interest and reasonable attorneys' fees.

## COUNT II-REHABILITATION ACT

74. Defendant repeats and re-avers its answers to the preceding Paragraphs as if each is expressly set forth herein.

75. To the extent that Paragraph 75 of the Plaintiffs' Complaint states conclusions of law, no answer is required.

76. To the extent that Paragraph 76 of the Plaintiffs' Complaint states conclusions of law, no answer is required.

77. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

78. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 78 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

79. Denied.

80. Denied.

81. Denied.

82. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 82 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

**WHEREFORE,** the Defendant requests that this matter be dismissed and that the Defendant be awarded costs, interest and reasonable attorneys' fees.

## COUNT III – MASSACHUSETTS CONSTITUTIONAL AMENDMENT ARTICLE 114 AND MASSACHUSETTS EQUAL RIGHTS LAW, G.L. C. 93 § 103

83. Defendant repeats and re-avers its answers to the preceding Paragraphs as if each is expressly set forth herein and denies the remainder of the allegations contained in Paragraph 83.

84. To the extent that Paragraph 84 of the Plaintiffs' Complaint states conclusions of law, no answer is required.

85. To the extent that Paragraph 85 of the Plaintiffs' Complaint states conclusions of law, no answer is required.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 90 of the Plaintiffs' Complaint and calls upon the Plaintiffs to prove the same.

**WHEREFORE,** the Defendant requests that this matter be dismissed and that the Defendant be awarded costs, interest and reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails state a claim against the Defendant upon which relief may be granted.

### SECOND AFIRMATIVE DEFENSE

Plaintiffs claims are barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs claims are barred by the Doctrine of Laches

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the within action.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the within action is frivolous under M.G.L. c. 231, §6(f)

### SIXTH AFFIRMATIVE DEFENSE

Defendant avers there is an insufficiency of process on the Defendant

### SEVENTH AFFIRMATIVE DEFENSE

Defendant claims Qualified Immunity

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

CITY OF METHUEN
By its Attorney

Peter J. McQuillan
BBO# 340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA  01844
Tel:   (978)-983-8575
Fax:   (978)-794-3238

**DATED:**   March 28, 2005

## CERTIFICATE OF SERVICE

I, Peter J. McQuillan, attorney of record for the Defendant hereby certify that I served a copy of the foregoing upon Plaintiffs' attorney by mailing the same, postage prepaid, first class mail to Nicholas S. Guerrera, Esq., Shaheen, Guerrera & O'Leary, LLC, Jefferson Office Park, 820A Turnpike Street, North Andover, MA  01845 this 28th day of March, 2005

Peter J. McQuillan